José Valentín Estremera, Plaintiff and Appellee, *v.* Luis Ríos Flores, Defendant and Appellant.

No. 8110.   Argued June 6, 1940.—Decided June 10, 1940.

*José Veray, Jr.,* for appellant.   *Buenaventura Esteves* for appellee.

Mr. Justice De Jesús delivered the opinion of the court.

The plaintiff, owner of two rural properties which adjoined another belonging to the defendant, brought this suit to recover the possession of two parcels pertaining to said

properties of which he alleged to. have been forcefully de-prived by the defendant three months before the filing of the complaint.

The evidence was conflicting. That of the plaintiff tended to show that for several years he had been in posses-sion of the two properties described in the complaint, includ-ing two parcels thereof which he also described and had exercised acts of ownership over them, cultivated them, etc.; that one of the properties was separated from that of the defendant by a barbed-wire fence and that between the other property and that of the defendant there was no fence; that about three months prior to the filing of the complaint the defendant removed the fence above referred to and erected it beyond the boundary with the plaintiff, thus depriving him of one of the parcels the possession of which he claims, and that he erected another wire fence on the other property similarly invading lands which belong to the plaintiff; that the latter put down said fences, employing laborers for this purpose; that the defendant filed a complaint against said laborers for the crime of malicious mischief and upon their being discharged, a week afterwards, the defendant, armed with a revolver and a machete and aided by a laborer who was also armed with a machete reestablished the fence in the same place where he had previously erected it; that upon the plaintiff coming to the place of the occurrence and protesting against the erection of said fence on his land, the defendant threatened to use his weapons against anyone who dared to remove the fence, and therefore the plaintiff decided to resort to this injunction proceeding.

The defendant, through his evidence, admitted that he erected the fence but denied that he had done it forcibly, also asserting that he had placed it exactly where the for-mer fence stood; and that the new fence which he placed in the other property, where none existed before, had been erected on the boundary of both properties.

The trial judge who saw and heard the witnesses testify gave credence to those of the plaintiff and rendered judgment against the defendant, thus settling the conflict in the evidence.

The defendant urges that the lower court erred in weighing the evidence. However, as the latter is conflicting, and as that of the plaintiff supports the judgment rendered, we shall not disturb the conclusion reached by the court *a quo* in the absence of any showing of manifest error or of passion, prejudice, or partiality on the part of that court in weighing the evidence, which defects do not appear from the record.

It is alleged in the complaint that each one of plaintiff's properties was separated from that of the defendant by a wire fence. However, as we have seen, plaintiff's evidence, admitted without opposition from the adverse party, showed that one of the properties was not originally fenced. The plaintiff moved that the complaint be taken as amended for the purpose of conforming it to the proof as regards the said particular. The defendant objected and the court decided to postpone the determination of the question until all of the evidence had been considered, and the defendant took an exception thereto. Afterwards, by rendering judgment in favor of the plaintiff the court impliedly allowed the amendment. The defendant complains that the court erred in postponing such determination until the moment of rendering judgment, and that said amendment was improper, as it changed the cause of action.

Whether the defendant removed the fence or erected a new one does not affect the determination of the case. The essential fact within the action brought is that the plaintiff has been deprived of the possession of said parcels which he held within one year immediately preceding the filing of the complaint. Therefore, we fail to see what importance could have, for the purpose of this case, the allowance by the court of the amendment at the time when plaintiff requested it; or

whether the court allowed it, as it did, when rendering judgment, or should have disallowed it, for the question is entirely immaterial.

In the case of *Richardson* v. *Martínez*, 35 P.R.R. 949, invoked by the defendant-appellant, the defendant had been for several years in possession of the property which was sought to be recovered by the plaintiff. Therefore, the remedy by injunction did not lie, and this being so, said case has no application to the case at bar.

For the reasons stated the judgment appealed from must be affirmed.

Mr. Chief Justice Del Toro took no part in the decision of this case.